UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LILIA ANGELLO,

                       Plaintiff,                  1:26-cv-089
                                                                (ECC/DJS)

v.

BARRETT D. MACK, ESQ., et al.,

                       Defendants.

---

Lilia Angello, *Plaintiff, pro se*

**Hon. Elizabeth C. Coombe, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

On December 31, 2025, Plaintiff Lilia Angello commenced this pro se action by filing a Complaint in the Southern District of New York. Dkt. No. 1. Plaintiff simultaneously filed a motion for temporary restraining order and preliminary injunction. *Id*. After Plaintiff paid the filing fee, this action was transferred to the Northern District of New York by U.S. District Court Judge Kenneth M. Karas on January 12, 2026. Dkt. No. 4. Currently pending before this Court is Plaintiff's renewed emergency motion for temporary restraining order. Dkt. No. 10. Upon sua sponte review, the Complaint is dismissed, and Plaintiff's request for preliminary injunctive relief is denied as moot.

**I.    Complaint**

This action arises from Plaintiff's state-court matrimonial proceedings. Dkt. No. 1 ¶ 12. Defendants Mach, Replansky, Weaver, Haskin, Cochrane, and Wellner represented Plaintiff in the trial-level proceedings. *Id.* at ¶ 3. Defendant Mack represented Plaintiff in her appeal. *Id.* at ¶ 20.

Plaintiff alleges that, in conjunction with her state-court matrimonial action, she filed detailed counterclaims "alleging cruel and inhuman treatment and proposing a comprehensive

division of marital and business assets[.]" Dkt. No. 1 ¶ 12. Plaintiff further alleges that no reply to the counterclaims was ever "filed, docketed, or file-stamped in the trial court." *Id.* ¶ 14. Plaintiff claims that, "[r]ather than seeking resolution based on the operative pleadings, . . . Defendants Mack, Replansky, Weaver, Haskin, Cochrane, and Wellner proceeded in a manner that ignored the unresponded-to counterclaims, prolonged litigation for approximately nine years, and ultimately foreclosed review through a compromised appellate process." *Id.* at ¶ 15.

Plaintiff alleges that "a document purporting to be a 'reply to counterclaims' appeared for the first time in the record on appeal" assembled and submitted by Defendant Mack. Dkt. No. 1 ¶¶ 16, 18. Plaintiff claims that this document "was never part of the trial-court record and was never lawfully filed," however Defendant Mack "proceeded with the appeal notwithstanding the inclusion of this unfiled document." *Id.* at ¶¶ 17-18. Plaintiff further alleges that Defendant Mack discouraged Plaintiff from pursuing oral argument on her appeal, and "conveyed that further action would not change the outcome of the appeal." *Id.* at ¶¶ 20-26.

Plaintiff alleges that as a result of the state-court matrimonial action, foreclosure proceedings have commenced, and she has been "ordered" to sell her residence. Dkt. No. 1 ¶¶ 35, 37. Plaintiff also alleges that she is "at imminent risk of losing her largest asset, . . . property owned by the family business and recognized as a marital asset." *Id.* at ¶ 36.

Liberally construed, Plaintiff's Complaint asserts Fourteenth Amendment due process and civil conspiracy claims pursuant to 42 U.S.C. § 1983. Dkt. No. 1 ¶¶ 38-39. Plaintiff seeks injunctive relief preserving the status quo, unspecified declaratory relief, and "compensatory and punitive damages and costs, as the Court deems just and proper." *Id.* at ¶ 41.

## II.   Legal Standard

"District courts have the inherent authority to dismiss a complaint sua sponte as frivolous even where, as here, the plaintiff has paid the required filing fee, if the claims 'lack[ ] an arguable

basis either in law or in fact.'" *Tewari v. Sattler*, No. 23-36-cv, 2024 WL 177445, at *1 (2d Cir. Jan. 17, 2024) (quoting *Pillay v. INS*, 45 F.3d 14, 16 (2d Cir. 1995)). Although the Second Circuit has "repeatedly warned against dismissing a complaint sua sponte without providing notice and an opportunity to be heard," it has "nevertheless articulated several exceptions where sua sponte dismissal of a fee-paid complaint may be appropriate." *Id.* (citations omitted). "Most significantly, dismissal without notice is permissible when it is 'unmistakably clear' that the underlying case is frivolous or the court lacks jurisdiction." *Id.* (citations omitted).

Pro se submissions are reviewed with "special solicitude," and "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (cleaned up).

**III.   Discussion**

A claim for relief under 42 U.S.C. § 1983 must allege facts showing that the defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are generally not state actors, and are therefore not usually liable under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties . . . .") (internal quotation marks and citation omitted). "Although the under-color-of-state-law requirement can be applied to private individuals in certain limited circumstances, such as where the private individual is engaged in a 'public function' or performs conduct that is 'fairly attributable to the state,' these exceptions are narrow." *Masters v. Mack*,

3

No. 22-cv-6582, 2022 WL 17961211, at *5 (E.D.N.Y. Dec. 27, 2022) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51–52, 55–58 (1999)).

Here, Plaintiff has failed to allege that any of the defendants acted under color of state law. The Defendants were all Plaintiff's attorneys in her matrimonial proceedings. However, private parties' "mere use, and even misuse, of the state courts does not turn [them] into state actors." *Koziol v. King*, No. 14-cv-946 (GLS/TWD), 2015 WL 2453481, at *11 (N.D.N.Y. May 22, 2015) (citation omitted). Furthermore, "[i]t is well-settled that private attorneys and law firms . . . do not act under color of state law and are not state actors for purposes of Section 1983 simply by virtue of their state-issued licenses to practice law." *Manko v. Steinhardt*, No. 11-cv-5430, 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012) (collecting cases). The same is true for court-appointed attorneys. *See Malek v. New York Unified Ct. Sys.*, No. 22-cv-5416, 2023 WL 2429528, at *17 (E.D.N.Y. Mar. 9, 2023) ("it is well-established that court-appointed attorneys performing a lawyer's traditional functions . . . do not act under color of state law and therefore are not subject to suit under 42 U.S.C. § 1983.") (quoting *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997)).

Private parties can be liable under Section 1983 if they "willfully collaborated with an official state actor in the deprivation of the federal right[.]" *Yapi v. Kondratyeva*, 340 F. App'x 683, 684 (2d Cir. 2009) (quoting *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir. 1993), *overruled on other grounds by Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993)). To succeed on a Section 1983 conspiracy claim, a plaintiff must prove: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324–25 (2d Cir. 2002) (citing *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999)). Conclusory allegations that a private person acted in

4

concert with a state actor are insufficient to maintain a conspiracy claim under Section 1983. *See id.*

Here, Plaintiff asserts that the Defendants "acted jointly and under color of state law to deprive Plaintiff of meaningful access to the courts." Dkt. No. 1 ¶ 38. However, despite Plaintiff's reference to "judicial reliance" on the "falsified appellate record," Plaintiff asserts no facts showing that any of the Defendants agreed to act in concert with a state actor to inflict an unconstitutional injury on Plaintiff. Accordingly, Plaintiff's Section 1983 claims are sua sponte dismissed as frivolous. *Errato v. Seder*, No. 23-638, 2024 WL 726880, at *2 (2d Cir. Feb. 22, 2024) ("State action is an essential element of a § 1983 claim that a plaintiff 'must allege.'") (quoting *Buon v. Spindler*, 65 F.4th 64, 78 (2d Cir. 2023)).

### IV. Leave to Amend

District courts generally grant a pro se plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). In light of the Court's duty to liberally construe pro se complaints, Plaintiff is granted thirty (30) days to file an amended complaint.

### V. Conclusion

For these reasons, it is hereby

**ORDERED** that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED** sua sponte without prejudice; and it is further

**ORDERED** that Plaintiff's motion for a temporary restraining order, Dkt. No. 10, is **DENIED** as moot; and it is further

**ORDERED** that Plaintiff is granted leave to file an amended complaint, and it is further

**ORDERED** that any amended complaint must be filed within thirty days of the date of this

Memorandum-Decision and Order, and it is further

**ORDERED** that, if Plaintiff fails to file an amended complaint within the thirty-day deadline, the Clerk of the Court is respectfully directed to close this case without further order from the Court.

**IT IS SO ORDERED.**

Dated: February 2, 2026

_____
Elizabeth C. Coombe
U.S. District Judge